■ In the Matter of the Estate of JAMES A. LANDOR, Deceased, by SARAH LANDOR, as Administratrix, Respondent, v JEAN GUO, Appellant, and INTERNATIONAL BUSINESS MACHINES CORP., Respondent. IBM 401(K) PLUS PLAN et al., Intervenors-Respondents. [974 NYS2d 478]—

In a proceeding, inter alia, pursuant to SCPA 2103 for the turnover of certain property allegedly withheld from the estate of James A. Landor, Jean Guo appeals (1) from an order of the Surrogate's Court, Dutchess County (Pagones, S.), dated March 4, 2011, which denied her motion, inter alia, to dismiss that branch of the petition which sought the turnover of the funds in the decedent's "IBM 401K" plan, made on the ground that the parties failed to exhaust administrative remedies, (2), as limited by her brief, from so much of a decree of the same court dated March 10, 2011, as, upon the order dated March 4, 2011, and upon the denial of her application to stay the proceedings while she pursued certain administrative remedies, confirmed so much of a referee's report dated March 8, 2011, made after a hearing, as related to the "IBM 401K" plan funds, granted that branch of the turnover petition which related to the "IBM 401K" plan funds, and directed the respondent International Business Machines Corp. to turn over the funds in the decedent's "IBM 401K" plan to Sarah Landor, as administrator of the decedent's estate, (3) from an order of the same court dated August 22, 2011, which granted the motion of the respondent International Business Machines Corp. and the nonparties IBM 401 (k) Plus Plan and Frederico Castellanos, as plan administrator, for leave to intervene by those nonparties in the proceeding, and (4), as limited by her brief, from so much of an amended decree of the same court dated August 22, 2011, as, upon the order dated August 22, 2011, confirmed so much of the Referee's report dated March 8, 2011, made after a hearing, as related to the "IBM 401K" plan, and directed the IBM 401 (k) Plus Plan and Frederico Castellanos, as plan administrator, to turn over the funds in the decedent's "IBM 401K" plan to Sarah Landor, individually, as sole child of the decedent.

Ordered that the appeals from the orders dated March 4, 2011, and August 22, 2011, are dismissed; and it is further,

Ordered that the appeal from the decree dated March 10, 2011, is dismissed, as the decree was superseded by the amended decree; and it is further,

Ordered that the amended decree dated August 22, 2011, is reversed insofar as appealed from, on the law, the order dated August 22, 2011, is vacated, the motion for leave to intervene is denied, and so much of the decree as confirmed that portion of the report of a referee dated March 8, 2011, made after a hearing, which related to the "IBM 401K" plan, granted that branch of the petition relating to the "IBM 401K" plan, and directed the respondent International Business Machines Corp. to turn over the funds in the decedent's "IBM 401K" plan to Sarah Landor, as administrator of the decedent's estate, is vacated, and that branch of the petition which sought the turnover of the funds in the decedent's "IBM 401K" plan and the appellant's "cross petition" relating thereto are dismissed without prejudice, for failure to join a necessary party; and it is further,

Ordered that one bill of costs is awarded to the appellant, payable by Sarah Landor personally, and the respondent-respondent and the intervenors-respondents, appearing separately and filing separate briefs.

The appeals from the orders dated March 4, 2011, and August 22, 2011, must be dismissed because the right of direct appeal therefrom terminated with the entry of a decree in the proceeding (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order dated March 4, 2011, have been rendered academic, on the ground that Jean Guo has now exhausted her administrative remedies. The issues raised on the appeal from the order dated August 22, 2011, are brought up for review and have been considered on the appeal from the amended decree (see CPLR 5501 [a] [1]).

Sarah Landor is the only child of the decedent James Landor (hereinafter the decedent) and is the administrator of his estate. Sarah Landor was notified by the decedent's employer, International Business Machines Corp. (hereinafter IBM), by letter dated March 17, 2010, that the decedent had not designated a beneficiary for his "IBM 401 (K)" (hereinafter 401K) Plus Plan (hereinafter the Plan). However, after the decedent's long-time companion and purported beneficiary, Jean Guo, provided IBM with a carbon copy of a beneficiary designation form dated January 15, 1998, designating Guo as beneficiary, IBM, by letters dated April 20, 2010, notified Sarah Landor and Guo that a beneficiary designation form was found, and that Guo was entitled to the 401K Plan funds.

In May 2010, in her capacity as administrator of the decedent's estate, Sarah Landor commenced the instant proceeding against IBM and Guo to establish the estate's entitlement to the decedent's 401K Plan funds. Sarah Landor failed to join the

Plan or its administrator as parties. In the petition, she claimed that the beneficiary designation form was invalid because the original was not on file with the Plan. She further claimed that the estate was entitled to the 401K Plan funds because the rules of the Plan provided that if a decedent had not designated a beneficiary, the benefit would be paid to either the decedent's spouse, child, parents, or estate, in that order of preference.

On or about July 29, 2010, Guo "cross-petitioned," inter alia, for a determination that she was entitled to the decedent's 401K Plan funds, pursuant to the decedent's beneficiary designation. Thereafter, by letter dated July 30, 2010, IBM informed Guo that the form designating her as beneficiary was previously rejected in 1998, because the decedent failed to answer the question on the form asking him to identify his relationship with Guo, and that information was required to "properly identify the beneficiary." That letter did not advise Guo of her right to an administrative appeal.

Meanwhile, on August 6, 2010, the parties consented to refer the issue of whether the decedent's 401K Plan funds were an asset of the estate to a referee to hear and report. On October 12, 2010, at a hearing before the Referee, the Plan manager testified that the beneficiary designation form was rejected as incomplete because the decedent failed to answer the question on the form asking him to identify his relationship with Guo. She acknowledged that the letter dated July 30, 2010, notifying Guo that she was not entitled to the 401K Plan funds, did not advise her of a right to appeal. She acknowledged that since the decedent was unmarried in 1998 when he signed the beneficiary designation form, there was "nothing here that limits a participant's ability to choose a beneficiary."

Thereafter, in a letter dated January 25, 2011, the Plan Administrator formally advised Guo's attorney of its rejection of her claim, and advised her of her right to appeal within 60 days "of the date of this letter." Also in January 2011, Guo moved to dismiss that branch of the petition which related to the 401K Plan funds and for leave to withdraw her cross petition, so that she could pursue an administrative appeal. In an order dated March 4, 2011, the Surrogate's Court denied Guo's motion, rejecting her contention that the failure to exhaust administrative remedies deprived the Surrogate's Court of jurisdiction. The Surrogate's Court further found that Guo failed to seek timely administrative review of the denial of her claim, since she failed to submit an administrative appeal to the Plan within 60 days of the letter dated July 30, 2010.

On March 8, 2011, the Referee found that the Surrogate's

Court had jurisdiction to determine who was entitled to the 401K Plan funds, and concluded that since the Plan's manager testified that the decedent never submitted a valid beneficiary designation form, Guo had no valid claim to the 401K Plan funds. In a decree dated March 10, 2011, the Surrogate's Court confirmed the Referee's report, granted that branch of the petition which related to the 401K Plan funds, and directed IBM to turn over the 401K Plan funds to Sarah Landor, in her capacity as administrator of the decedent's estate.

Thereafter, on March 24, 2011, Guo submitted her administrative appeal to the Plan. On May 13, 2011, the Plan Administrator ruled against Guo on the merits, finding that the beneficiary designation form submitted by the decedent "was not valid according to the procedures in effect at the time the form was submitted."

By notice of motion dated June 6, 2011, the Plan and its Administrator, Frederico Castellanos, moved for leave to intervene in this proceeding, and to modify the decree to permit the Plan to distribute the 401K Plan funds to Sarah Landor directly, as the sole child of the decedent, instead of to Sarah Landor in her capacity as administrator of the decedent's estate. In opposition, Guo contended the motion was untimely. In an order dated August 22, 2011, the Surrogate's Court agreed that the motion was untimely, but granted it in the interest of justice. The amended decree dated August 22, 2011, directed the Plan to pay the 401K Plan funds to Sarah Landor directly, as the sole child of the decedent.

On appeal, Guo claims she should have been permitted to pursue an administrative appeal before the Surrogate's Court determined the issues. Since her administrative appeal has now been determined, this issue is academic.

Guo further contends that the motion for leave to intervene should have been denied as untimely. The Surrogate's Court acknowledged that the motion for leave to intervene was untimely, and granted it in the interest of justice. However, by granting intervention after the decree was entered, and entering an amended decree directing the Plan to turn over the 401K Plan funds to the petitioner, the Surrogate's Court precluded Guo from challenging the Plan's determination, prejudicing Guo's substantial rights. Accordingly, the untimely motion for leave to intervene should have been denied (see CPLR 1012, 1013).

Since the Plan and the Plan Administrator are not parties to the proceeding, the question of whether the Plan and the Plan Administrator acted in an arbitrary and capricious manner in

rejecting the decedent's beneficiary designation form (*see O'Shea v First Manhattan Co. Thrift Plan & Trust*, 55 F3d 109, 112 [2d Cir 1995]) was not before the Surrogate's Court, and is not before this Court. Accordingly, that branch of the petition which sought the turnover of the decedent's 401K Plan funds and the appellant's cross petition relating thereto must be dismissed without prejudice, for failure to join a necessary party (*see* CPLR 1001). Skelos, J.P., Angiolillo, Chambers and Hinds-Radix, JJ., concur.